# The National Premium, Building & Loan Association of Allegheny City, Appellant, v. Nicholas Seibert.

*Building association— Mortgage—Leasehold—Assignment—Affidavit of defense.*

S. executed a mortgage to a building association on a leasehold, in which he covenanted to pay, in addition to the mortgage debt, city and county taxes. He subsequently assigned the leasehold to defendant subject to the payment of the money owing upon the mortgage. The association was compelled to pay rents, taxes and water rents on the premises in order to preserve its rights to the lease, and it subsequently foreclosed the mortgage and bought in the leasehold for a nominal sum. It then began suit against defendant to recover the balance due upon the mortgage, and rents and taxes which it had paid. The defendant filed an affidavit of defense in which he averred that though the mortgage given by S. to the plaintiff was drawn for $2,300, only the sum of $1,800 was loaned or advanced on it by plaintiff to S. at the time the mortgage was executed and delivered ; that the leasehold mortgaged by S. to plaintiff and transferred by S. to defendant was reassigned by defendant to S. with the knowledge of plaintiff, and at the date of said reassignment there were no arrearages due on the stock in plaintiff association ; that the remaining $500 was not paid or advanced by the plaintiff to S. until after the date of the reassignment to S. ; that the defendant is not and never was at any time a stockholder in said plaintiff association, and that he has never had any contract relation with the association under and whereby he might or could become indebted to it. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 27, 1896. Appeal, No. 20, Oct. T., 1896, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T.,

1895, No. 307, discharging rule for judgment for want of sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement was as follows :

Nicholas Seibert, defendant in this suit, is indebted to the National Premium, Building & Loan Association, No. 3, of Allegheny City, the plaintiff in this suit, in the sum of $2,077.41, being a balance due and owing upon a certain mortgage made by a certain Fred. C. Schwartz to the said plaintiff, dated July 18, 1892, and city and county taxes and water rents assessed for the years 1894 and 1895 upon the premises mortgaged in said mortgage, also one and a half year's rent from January 1, 1894 to July 1, 1895, due under the lease described in said mortgage, which rent, taxes and water rents said plaintiff was compelled to pay, and did pay, to preserve its rights to said lease ; which said rents, taxes and water rents the said Fred. C. Schwartz by said lease covenanted to pay, but neglected to do so. That the said Nicholas Seibert, defendant, became personally liable to pay said balance owing upon said mortgage and said rent, taxes and water rents by reason of an assignment of said lease made by said Schwartz to said defendant, dated June 2, 1893, in which it was stipulated as follows, to wit:

"Subject to all the terms, conditions, stipulations and covenants therein contained," and also, "subject to the payment of the money owing upon the mortgage of the National Premium, Building and Loan Association, No. 3, of Allegheny City, dated July 18, 1892, which said Seibert assumes to pay." That the said assignment of said lease was accepted by said defendant, by an instrument in writing dated June 2, 1893, signed by him, the said defendant, and wherein he expressly accepted said assignment and covenanted and agreed "to fulfill the terms of the original lease and perform the conditions, stipulations and covenants therein contained as fully as though he were the original lessee ;" which covenants he has failed to perform. That the said mortgage became due and collectible on June 17, 1895, by reason of the default made for upwards of six months by said Schwartz and Seibert to pay the weekly dues, etc.,

secured thereby, and on a writ of fieri facias at No. 227, July term, 1895, issued on a judgment entered on the bond accompanying said mortgage, the said leasehold was sold at sheriff's sale to said plaintiff for $10.00 on July 2, 1895, which sum was applied to the costs on said writ. That the said defendant has been twice notified that all the plaintiff wanted was its money, and that the defendant could have the lease assigned to him on payment of what the property cost plaintiff, but the defendant never offered to do so. That the said Seibert received the whole proceeds of said mortgage. Plaintiff attaches copies of said mortgage, lease, assignment and acceptance thereof by said defendant, and also an itemized statement of its claim and makes the same part hereof.

Defendant filed the following affidavit of defense:

That defendant is not, and never was at any time a stockholder in said plaintiff association, and that he has not, at any time, ever had any contract relation with plaintiff association under and whereby he might, or could become indebted to it; that he is informed and verily believes that, as alleged in plaintiff's statement, Fredrick C. Schwartz, by articles of agreement dated July 1, 1892, with Mary E. Schenley, obtained a lease on certain premises situate on Cedar avenue, Allegheny City, Pa.; that on July 18, 1892, said Frederick C. Schwartz, a stockholder in said plaintiff association, executed his bond and mortgage to plaintiff association upon said leasehold, conditioned for the payment of the sum of $2,300, as shown by said mortgage referred to and made part of plaintiff's statement; that of said sum of $2,300, said plaintiff association paid to the mortgagor therein named only the sum of $1,800, at the time the same was executed and delivered: that on June 2, 1893, by assignment of said Frederick C. Schwartz to defendant, the said leasehold became vested in defendant, subject to the payment of the mortgage hereinbefore mentioned; that on March 31, 1894, an agreement in writing was entered into between Frederick C. Schwartz and defendant in words as follows, to wit: "I agree hereby to transfer the foregoing described property to Frederick C. Schwartz upon payment of $500.00, and other conditions as we may agree upon, to me by Frederick C. Schwartz. Frederick C. Schwartz to pay all liens against property;" that the said Frederick C. Schwartz obtained the sum of $500, consideration

expressed in said agreement, from the said plaintiff association, and the said agreement was consummated and said leasehold transferred to said Frederick C. Schwartz, with the knowledge of the said plaintiff association of such reassignment, and the said Schwartz thereupon and thereafter made and continued to make the payments required by the constitution and by-laws of the said plaintiff association, and that at the time of said reassignment there were no arrearages due on the stock in said plaintiff association, which stock stood in the name of the said Frederick C. Schwartz, and carried the mortgage loan referred to; that the foreclosure proceeding referred to in plaintiff's affidavit of claim was made without legal notice to defendant; that defendant has no knowledge of the matters alleged in plaintiff's statement showing items alleged to be due on account of said mortgage and taxes, etc., and rents alleged to have been paid by said plaintiff association, and defendant demands proof thereof; that said mortgage was given as collateral to a bond accompanying the same, executed by the said Frederick C. Schwartz, and defendant is informed and verily believes that said plaintiff association, as a matter of law, has no right of action against him based upon the said mortgage and assignment of said leasehold to him, mentioned and specified in plaintiff's statement of claim; that the assignment to him of said leasehold is not such as would in any way make him personally liable to plaintiff association for the amount of said mortgage, or for any part thereof, or for any sum or sums that may accrue thereupon, and that if plaintiff association paid the moneys, to wit: taxes, etc., and rents as alleged in plaintiff's statement and affidavit of claim, such payment was not made by said plaintiff association for the use of defendant, nor with his knowledge, nor under his instructions or directions.

The court, KENNEDY, P. J., discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*A. E. Weger*, for appellant.—The authorities are uniform that it is the acceptance of a grant containing an assumption or agreement by the grantee to pay an incumbrance or debt which creates the grantee's personal liability: Woodward's App., 38

Pa. 322; Fisk v. Talman, 124 Mass. 254; Locke v. Homer, 131 Mass. 93; Rice v. Sanders, 152 Mass. 108; Furniss v. Durgin, 119 Mass. 500; Dean v. Walker, 107 Ill. 540; Bay v. Williams, 112 Ill. 91; Rickman v. Miller, 39 Kans. 362; Crawford v. Edwards, 33 Mich. 354; Stanton v. Kenrick, 135 Ind. 382; Birk v. Abbott, 103 Ind. 1; Kelso v. Fleming, 104 Ind. 180; Fitzgerald v. Barker, 70 Mo. 589; Heim v. Vogel, 69 Mo. 529; O'Connor v. O'Connor, 88 Tenn. 76; Bishop v. Douglass, 25 Wis. 696; Jones on Mortgages, sec. 752; Wiltsie on Mortgage Foreclosure, secs. 224 and 613; Merriman v. Moore, 90 Pa. 78; Hoff's App., 24 Pa. 200; Delp v. Brewing Co., 123 Pa. 42; Justice v. Tallman, 86 Pa. 147; Hind v. Holdship, 2 Watts, 104; Blood v. Crew Levick, 171 Pa. 328; Equitable Life Assn. v. Bostwick, 100 N. Y. 628; Belmont v. Conant, 22 N. Y. 438; Hare v. Murphy, 45 Neb. 809; Roth v. Berner, 2 Penny. 214; McClaughry v. McClaughry, 121 Pa. 477; Marshall v. Franklin Ins. Co., 38 W. N. C. 473; Johnson v. Harder, 45 Iowa, 677; Schmucker v. Sibert, 18 Kans. 104; Josslyn v. Edwards, 57 Ind. 212.

As to the rents and taxes paid by the plaintiff, they might perhaps be considered as part of the mortgage debt: Jones on Mortgages, sec. 77; Port v. Jackson, 17 Johns. (N. Y.) 239; Rawlings v. Duvall, 4 H. & McH. (Md.) 1; Lapen v. Gill, 129 Mass. 349; Hogg v. Longstreth, 97 Pa. 255; Selden v. B. & L. Assn., 81* Pa. 336; Johnson v. B. & L. Assn., 104 Pa. 394.

It is well settled that a lessee cannot by an assignment of the lease relieve himself from his liability on his covenants in the lease, though the lessor consents to the assignment and accepts rent from the assignee: Frank v. Maguire, 42 Pa. 77.

The same rule applies to a grantee assuming a mortgage. But assuming that the lease was in fact reassigned by the defendant to Schwartz, this would not release the defendant, but would only convert him into a surety for Schwartz, who would again become the principal debtor: Steele's App., 47 Pa. 437; Paine v. Jones, 76 N. Y. 274; Flagg v. Gellmacher, 98 Ill. 293; Union Life Ins. Co. v. Hanford, 143 U. S. 187; Mechanics Savings Bank v. Goff, 13 R. I. 516; Corning v. Burton, 102 Mich. 87; Weber v. Zeimett, 30 Wis. 283; Locke v. Homer, 131 Mass. 93. The defendant, perhaps, relies upon the act of

June 12, 1878, P. L. 205 (2 Purd. Dig. 1837); Dorsey's App., 72 Pa. 192; Com. v. Samuels, 163 Pa. 283.

Where the grantee in an absolute conveyance of land assumes and agrees to pay a mortgage thereon, given by his grantor, an absolute and irrevocable obligation is thereby created in favor of the mortgagee, which cannot be released or affected by any act or agreement of the mortgagor, to which the mortgagee does not assent: 15 Am. & Eng. Ency. of Law, 841; Bay v. Williams, 112 Ill. 91; Douglass v. Wells, 18 Hun (N. Y.), 88; Garnsey v. Rogers, 47 N. Y. 233; Ramsey v. McMullen, 5 Abb. N. C. (N. Y.) 246; Ramsey v. Peyser, 5 Abb. N. C. (N. Y.) 259; Rogers v. Gosnell, 58 Mo. 592; and to the same effect are Lawrence v. Fox, 20 N. Y. 268; Hartley v. Harrison, 24 N. Y. 170; Bigelow v. Davis, 7 Barb. (N. Y.) 565; Campbell v. Smith, 71 N. Y. 26; Urquhart v. Brayton, 12 R. I. 173; Henderson v. McDonald, 84 Ind. 149; Pruitt v. Pruitt, 91 Ind. 595; Watkins v. Pope, 38 Ga. 518; Wilson v. Burton, 52 Vt. 394; Keedle v. Flack, 27 Neb. 834.

*S. A. & Chas. M. Johnston*, for appellee, were not heard.

PER CURIAM, November 9, 1896:

We are not convinced there was any error in refusing to enter judgment against the defendant for want of sufficient affidavit of defense. On the contrary, we think the averments of fact, contained in the affidavit, are sufficient to carry the case to a jury.

The appeal is therefore dismissed at plaintiff's costs, but without prejudice, etc.